DUSSIA
*v.*
MONROE COUNTY EMPLOYEES RETIREMENT SYSTEM

COUNTIES—JUDGES—RETIREMENT SYSTEM—COUNTY PENSION PLAN—
RETROACTIVITY.

Rule precluding county board of supervisors from reconsidering a question more than once did not prevent board from altering the effective date of a county employees' pension plan where the county pension plan committee did not approve the board's first plan, made retroactive to November 30, 1964, but did approve an amended plan, effective July 1, 1965; therefore, a probate judge who retired on December 31, 1964, was not a county employee when the pension plan became effective, inasmuch as the first pension plan, under which he would have been eligible, had never become effective or operative (MCLA § 46.12a; Rule 21, Monroe County Board of Supervisors).

Appeal from Monroe, William J. Weipert, Jr., J. Submitted Division 2 August 11, 1970, at Lansing. (Docket No. 9,128.)   Decided October 27, 1970. Leave to appeal granted February 10, 1971.   384 Mich 805.

Complaint by Emil J. Dussia, administrator of the estate of Vallie W. Dussia, deceased, against the Board of Trustees of the Monroe County Employees Retirement System for pension benefits. Judgment for plaintiff.   Defendant appeals.   Reversed.

REFERENCE FOR POINTS IN HEADNOTE
40 Am Jur, Pensions §§ 16, 30.

*Griffin & Griffin* for plaintiff.

*James J. Rostash,* Prosecuting Attorney, for defendant.

Before: Quinn, P. J., and McGregor and Bronson, JJ.

Per Curiam. Prior to his retirement on December 31, 1964, plaintiff's decedent had been probate judge of Monroe County for 16 years. Before his death on March 2, 1969, plaintiff's decedent brought this action to require the Board of Trustees of the Monroe County Employees Retirement System to grant him pension benefits. Plaintiff prevailed below and defendant appeals.

The controlling issue is whether the Monroe County Employees Retirement System was in effect while plaintiff's decedent was a county employee.

During its February 1965 meeting, the Monroe County Board of Supervisors adopted a pension plan retroactive to November 30, 1964. At the same session, a motion to amend the retroactive date to January 1, 1965 was defeated. A subsequent motion to amend the effective date of the plan was also defeated.

As required by MCLA § 46.12a (Stat Ann 1970 Cum Supp § 5.333[1]), this plan was submitted to the county pension plan committee for approval. The committee declined approval and required six amendments to the plan, none of which involved the effective date. At its June 1965 meeting, the Monroe County Board of Supervisors made the required six amendments and also made the effective date of the plan the first day of the month next succeeding its approval by the county pension plan committee. The effective date became July 1, 1965.

Rule 21 of the Board of Supervisors was in effect during this entire period and it provided:

"Any member who votes with the majority on any question may move for its reconsideration on the same day or the day following (on which sessions of the board are held), but not later, and no question shall be reconsidered more than once".

The trial court ruled and plaintiff contends on appeal that Rule 21 precluded the June 1965 alteration of the effective date of the pension plan.

We could agree with plaintiff and the trial judge if the pension plan adopted in February 1965 had been approved by the county pension plan committee. However, we read Rule 21 as a restriction on reconsideration of effective board action. By the provisions of MCLA § 46.12a, *supra,* the plan adopted in February 1965 was neither effective nor operative until approved by the county pension plan committee. As originally submitted, the plan was not approved, and it never became effective or operative. The amended plan was approved and its effective date was July 1, 1965, at which time plaintiff's decedent was not an employee of Monroe County.

Reversed but without costs, a public question being involved.